UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LIZA ACQUAH, GUARDIAN AD LITEM
FOR J.B., A MINOR,

                              Plaintiff,

    -against-                                      5:18-CV-1378 (LEK/DEP)

CITY OF SYRACUSE, *et al.*,

                              Defendants.

---

## DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Liza Acquah, on behalf of her minor son, J.B., commenced this action asserting federal claims pursuant to 42 U.S.C. § 1983 and state claims against defendants the City of Syracuse, the Syracuse Police Department, Police Officer Vallon Smith, Police Officer Sheldon Lloyd, and Chief of Police Frank Fowler. Dkt. No. 1 ("Complaint"). Defendants subsequently filed a motion to dismiss, Dkt. No. 6 ("Motion to Dismiss"), which the Court granted in part and denied in part on August 22, 2019, Dkt. No. 22 ("August 2019 MDO"). Among the several claims that survived the Motion to Dismiss, the Court found that Plaintiff stated a Monell claim against the City of Syracuse and Chief Fowler in his individual capacity. August 2019 MDO at 9, 11; see Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). Presently before the Court is Defendants' motion to reconsider the Court's Monell holding as to Chief Fowler pursuant to Local Rule 7.1(g). Dkt. No. 23 ("Motion for Reconsideration"). For the following reasons, the Motion for Reconsideration is granted.

## II. BACKGROUND

Plaintiff commenced this action in November 2018, Compl., and Defendants filed a motion to dismiss in January 2019, Mot. to Dismiss; see also Dkt. Nos. 16 ("Response"), 18 ("Reply"). In the Complaint, Plaintiff alleged that he was injured at Nottingham High School during a struggle between Plaintiff and Syracuse Police Officers Smith and Lloyd. Compl. ¶¶ 17–26. Based on this incident, Plaintiff asserted several federal and state law claims against Smith and Lloyd. Id. ¶¶ 56–74, 88–115. Plaintiff also asserted Monell claim against the City of Syracuse. Compl. ¶ 75. In the Monell cause of action in the Complaint, labeled "Second Cause of Action: Monell Claim: 42 U.S.C. § 1983 (Against Defendant City of Syracuse)," ("Monell Cause of Action") Plaintiff included allegations against Chief Fowler, highlighting his failure to discipline officers who had misconduct complaints filed against them. Compl. ¶¶ 75, 82–86. In the final paragraph of the Monell Cause of Action Plaintiff argues that "Defendants Chief of Police Frank Fowler and the City of Syracuse are liable to Minor J.B. for directly and proximately causing violations of his United States Constitutional Rights." Id. at 87.

In the August 2019 MDO, the Court granted Defendants' Motion to Dismiss the Monell claim against Chief Fowler in his official capacity as it was duplicative of the Monell claim against the City of Syracuse. August 2019 MDO at 11. However, the Court found that Plaintiff stated a Monell claim against the City of Syracuse and a Monell claim against Chief Fowler in his individual capacity. Id. at 11–13. Defendants seek partial reconsideration of the August 2019 MDO on the grounds Chief Fowler cannot be liable under a theory of Monell in his individual capacity. Mot. for Reconsideration at 3.

**III. LEGAL STANDARD**

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). A motion for reconsideration is not an opportunity to present a new theory, nor is it a "vehicle for relitigating old issues." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citing United States v. Local 1804-1, 831 F. Supp. 167, 169 (S.D.N.Y. 1993)). A motion for reconsideration will usually be denied unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

**IV. DISCUSSION**

**A. Section 1983 Monell Claim Against Chief Fowler**

Defendants contend that the Court erred when it held that Plaintiff stated a Monell claim against Chief Fowler in his individual capacity. Mot. for Reconsideration at 3–8. The Court agrees.

In asserting a Monell claim against the City of Syracuse, Plaintiff alleged that "Chief of Police Frank Fowler . . . [is] liable to Minor J.B. for directly and proximately causing violations of his United States Constitutional Rights." Compl. ¶ 87. However, "Monell does not apply to . . . individuals who are sued in their individual capacity." Jackson v. Williams, No. 18-CV-1137,

2017 WL 1162196, at *3 (N.D.N.Y. Mar. 28, 2017) (quoting Amory v. Katz, No. 15-CV-1535, 2016 WL 7377091, at *5). Therefore, Plaintiff cannot assert a Monell claim against Chief Fowler, in his individual capacity. See Jackson, 2017 WL 1162196, at *3; August 2019 MDO at 11–13.

Accordingly, the Court grants Defendants' Motion for Reconsideration as to the Monell claim against Chief Fowler in his individual capacity.

**B. Supervisory Liability Claim Against Chief Fowler**

While it is clear that Plaintiff cannot state a Monell claim against Chief Fowler, this does not end the issue. Plaintiff asserts that, in addressing the claim against Chief Fowler, the Court applied the law of supervisory liability as laid out in Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995)—and not the law of municipal liability under Monell. August 2019 MDO at 11–13. Thus, while the Court should not have called the claim against Chief Fowler a "Monell claim," Plaintiff argues that the Court's underlying legal analysis properly applied the law of supervisory liability under Colon to find a claim against Chief Fowler. Therefore, Plaintiff continues, the Court should simply clarify that it held that Plaintiff stated a supervisory liability claim against Chief Fowler, and let that decision stand. Dkt. No. 25 ("Plaintiff's Response"), 4–10.

Plaintiff is correct that while there cannot be a Monell claim against a defendant in his individual capacity, there may be a supervisory liability claim against a defendant in his individual capacity if any of the five factors established in Colon are present. See 58 F.3d at 873. However, Defendants argue that the Court would go too far in construing a supervisory liability claim against Chief Fowler because Plaintiff—who is not *pro se*—simply did not include such a claim in the Complaint. Mot. for Reconsideration at 8. The Court agrees with Defendants.

4

Though the Court must construe the Complaint liberally on a motion to dismiss, the Court cannot construe an unpled claim. Augienello v. Coast-to-Coast Financial Corp., 64 F. App'x. 820, 822 (2d. Cir. 2003) (holding that there is a clear difference between asking for a liberal construction of a complaint and an "amendment of the complaint to include a claim that they did not plead"). A review of Plaintiff's Complaint indicates that all of Plaintiff's allegations involving Chief Fowler are made in exclusive support of the Monell Cause of Action, and thus should be construed only as supporting Plaintiff's Monell claim against the City of Syracuse. See Compl.

Plaintiff's allegations against Chief Fowler are all found within the Complaint's Monell Cause of Action, which, as noted above, is labeled in a manner that makes clear it pertains to Monell and the City of Syracuse. See Compl. ¶ 75 (labeling second cause of action as "Monell Claim: 42 U.S.C. § 1983 (Against Defendant City of Syracuse)"). In the first several paragraphs of the Monell Cause of Action, Plaintiff claims that the City of Syracuse "maintained a custom, policy and pattern and practice of failing to exercise reasonable care in training, supervising and hiring its officers." Compl. ¶ 76. Specifically, Plaintiff cites to Monell and its progeny for the proposition that a local government can be held liable for a "failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees." Id. ¶ 78. Then, to establish this "failure by policymakers," Plaintiff focuses on Chief Fowler:

> The record of this case, based on investigation, research, other complaints to the Syracuse Police Citizen Board, Police Records, Newspaper Reports of Claims of excessive force and false arrests of citizens by the CITY OF SYRACUSE, shows a pattern, practice, custom and policy by CHIEF OF POLICE FRANK FOWLER of

5

>failing to respect, uphold and enforce the constitutional rights of the citizens of the CITY OF SYRACUSE.

Id. ¶ 79 (capitalization in original). Plaintiff then asserts that Chief Fowler frequently did not sanction officers facing complaints filed with the Citizens Review Board, Id. ¶¶ 84, and summarizes several excessive force incidents committed by Syracuse police officers to establish "evidence that the policy maker, Defendant Chief of Police Officer Frank Fowler, maintains an official policy, pattern, practice or custom of Defendant City of Syracuse which led to the deprivation of Minor J.B.'s constitutional rights." Id. ¶ 86. Finally, Plaintiff concludes the Monell Cause of Action by asserting that "Defendants Chief of Police Frank Fowler and the City of Syracuse are liable to Minor J.B. for directly and proximately causing violations of his United States Constitutional Rights and resulting in economic and non-economic damages." Id. ¶ 87.

Thus, Plaintiff's allegations against Chief Fowler are made in support of the Monell claim against the City of Syracuse. While some of the facts pertaining to Chief Fowler could also support a supervisory liability claim under Colon, see 58 F.3d at 873 (allowing for liability when "the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom"), the Complaint's legal focus is indisputably on the City of Syracuse. Plaintiff would have a much stronger argument had the Complaint merely mislabeled the claim. See Micro Fines Recycling Owego LLC v. Ferrex Eng'g, Ltd., No. 17-CV-1315, 2020 WL 880801, at *5 (N.D.N.Y. Feb. 24, 2020) (Kahn, J.) (construing a claim for revocation despite the count's label of "recision" because "the allegations under Count I clearly pertain to revocation, and even cite to the New York UCC section on revocation"); Knox v. City of Royal Oak, No. 06-CV-10428, 2006 WL 3825069, at *5 (E.D. Mich. Dec. 26, 2006) (finding that a plaintiff had stated a claim for emotional distress even though "she used the wrong

title for her cause of action"). But here, the cause of action in question clearly–-and successfully, see August 2019 MDO at 9—alleged a Monell claim against the City of Syracuse. Plaintiff could, of course, have repurposed those same facts about Chief Fowler as part of a supervisory liability claim against him, but there in no mention of supervisory liability anywhere in the Complaint. Therefore, while the court must interpret the Complaint liberally, it will not fashion a claim against an individual defendant out of allegations that are unambiguously aimed at establishing a claim against a municipality.

Finally, Plaintiff argues that Defendants have "expressly waived" their argument that the Court should not find a supervisory liability claim against Chief Fowler because Defendants did not raise the "argument in either its opening brief or reply." Pl.'s Resp. at 4. Plaintiff's argument holds no merit because this was the first opportunity that Defendant had to raise this argument. Defendant could not, of course, have known to dispute the Court's construal of the claim against Chief Fowler before the Court construed it.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion for Reconsideration is **GRANTED**; and it is further

**ORDERED**, that the Monell claim against Chief Fowler is **DISMISSED**; and it is further

**ORDERED**, that Chief Fowler is dismissed as a defendant; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties pursuant to the Local Rules.

**IT IS SO ORDERED.**

DATED: March 30, 2020
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge